UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY L. VARNEY and
CHERYL A. VARNEY,

                Plaintiffs,

-vs-                                        Case No.  8:06-cv-295-T-24TGW

FORD MOTOR COMPANY, a
foreign corporation,

                Defendant.
_____/

## O R D E R

This cause comes before the Court on Ford Motor Company's ("Ford") Motion to Dismiss (Doc. No. 3). Plaintiffs filed a response in opposition thereto (Doc. No. 5). With leave of the Court, Ford filed a reply brief (Doc. No. 12) and Plaintiffs filed a sur-reply (Doc. No. 13).

**I.      Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). A complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." Id. at 47. All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). The standard on a 12(b)(6) motion is not whether the plaintiff will

ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**II.     Background**

On or about April 15, 2003, Plaintiffs purchased a 2003 Challenger Ford F550 ("the vehicle") for the price of $81,162.50, plus financing costs (Doc. No. 1, ¶ 5). The vehicle was purchased from Dandy R.V., Inc. located in Birmingham, Alabama (Doc. Nos. 1, Exh. A and 17).[1] The vehicle came with a New Vehicle Limited Warranty from Ford, the manufacturer (Doc. No. 1, ¶7 and Exh. B, pp. 4-7).[2] Subject to certain exclusions, the New Vehicle Limited Warranty covers the vehicle for three years or 36,000 miles, whichever comes first. The New Vehicle Limited Warranty states in relevant part:

> During the coverage period, authorized Ford Motor Company dealers will repair, replace, or adjust all parts on your vehicle that are defective in factory-supplied materials or workmanship.

Plaintiffs allege that Ford, "as manufacturer of the vehicle, impliedly warranted that the vehicle was merchantable and fit for the ordinary purposes for which it was intended" (Doc. No. 1, ¶8).

On or about June 10, 2003, when the vehicle had approximately 1,955 miles on its odometer, Plaintiffs allege they first complained about vibration and noise problems (Doc. No. 1, ¶9). Between June 10, 2003 and February 11, 2005, Plaintiffs returned the vehicle for service eight times, including for "repair pursuant to [Ford]'s Technical Service Bulletin 01-17-3 (TSB)"

---

[1] The copy of the purchase agreement filed with the complaint is largely illegible (Doc. No. 1, Exh. A). Upon the request of the Court, Plaintiffs filed a more legible copy of Plaintiffs' purchase agreement (Doc. No. 17). Plaintiffs concede that the document remains difficult to read.

[2] Exhibit B is entitled "2003 model year Warranty Guide."

(Doc. No. 1, ¶10).  Plaintiffs allege that the vehicle has not been repaired and, subsequent to February 2005, Ford has "failed to respond to Plaintiffs' further attempts to have the vehicle repaired" (Doc. No. 1, ¶¶11 and 12).

Thereafter, Plaintiffs filed suit against Ford asserting liability under the Magnuson-Moss Warranty Act ("MMWA") for breach of express warranty (Count I) and liability under the MMWA for breach of implied warranty (Count II).  Plaintiffs seek damages in the amount of $81,162.50, costs, accrued interest, and attorneys' fees.  Ford filed the instant motion to dismiss in response to the complaint.

### III.     Motion to Dismiss

Ford argues that this Court should dismiss the complaint in its entirety.  Specifically, Ford argues that Counts I and II should be dismissed since limited warranties, such as was offered with the purchase of Plaintiffs' vehicle, are not governed by the MMWA.  Additionally, Ford argues that the implied warranty claim under the MMWA in Count II should be dismissed, as failing to state a claim, because Plaintiffs are not in contractual privity with Ford.

As an initial matter, Plaintiffs argue that since the purchase agreement attached to their complaint "clearly shows that the subject vehicle was purchased in the State of Alabama," Alabama law applies to this case.  Ford does not contradict Plaintiffs' contention and a federal court must apply the choice of law rules of the forum state in which it sits.  In contract actions, Florida recognizes the rule of lex loci contractus.  Under this rule, a court should apply the law of the state where the contract was made or performed to govern issues of validity or interpretation.  See Trumpet Vine Invs, N.V. v. Union Capital Partners I, Inc., 92 F.3d 1110,

1119 (11th Cir. 1996). Thus, since the vehicle was purchased in Alabama, Alabama law applies to Plaintiffs' claims as discussed in greater detail below.

### A. Count I - Express Warranty Claim

Ford argues that Counts I and II should be dismissed since limited warranties, such as was offered with the purchase of Plaintiffs' vehicle, are not governed by the MMWA. Plaintiffs argue that they have alleged sufficient facts to establish the elements of a prima facie claim of breach of a limited warranty and that they should be allowed to amend their complaint to "set out the requisite Alabama UCC law to support the claim." As discussed in detail below, Plaintiffs cannot sustain an action for breach of implied warranty (Count II), so the Court will limit its discussion here to Plaintiffs' claim for breach of express warranty under the MMWA.

"Under the [MMWA], a warrantor must specify whether a written warranty is a full or limited warranty. . . . Only full warranties are required to meet the minimum standards set forth in 15 U.S.C. §2304." Bailey v. Monaco Coach Corp., 350 F. Supp. 2d 1036, 1042 (N.D. Ga. 2004)(citations omitted). "Therefore, because the law relating to limited warranties is not expressly modified, limited warranties . . . are not governed by the [MMWA] but by the Uniform Commercial Code." Id.; see also Lambert v. Monoco Coach Corp., 2005 WL 1227485, *4 (M.D. Fla. May 24, 2005)(noting that the remedies contained in §2304 of the MMWA, including a refund of the purchase price, were unavailable to plaintiff because warranty was a "limited" and not a "full" warranty). As such, the Court finds that the MMWA does not govern Plaintiffs' claim for breach of express warranty. Rather, the written New Vehicle Limited Warranty is governed by Alabama's version of the Uniform Commercial Code ("UCC"). Therefore, the Court grants Ford's motion to dismiss Plaintiffs' express warranty claim in Count I. However,

Plaintiffs are granted leave to amend the complaint to allege a claim for breach of a limited warranty under Alabama's UCC.[3]

In its reply brief, Ford argues that "to prove breach of this [limited express] warranty, Plaintiffs must demonstrate that Ford refused or otherwise failed to pay for the repair to a covered item. The Court notes that such arguments are more appropriately suited for a motion for summary judgment. As such, the Court will not address Ford's arguments on this issue at this time.

### B. Count II - Implied Warranty Claim

Ford further argues that Plaintiffs' implied warranty claim under the MMWA in Count II should be dismissed as failing to state a claim, because Plaintiffs are not in contractual privity with Ford. Since Plaintiffs did not purchase the vehicle directly from Ford, Ford argues that under Alabama law, Plaintiffs are not in privity with Ford, so the breach of implied warranty claim must fail. This Court agrees.

An implied warranty under the MMWA is defined as an "implied warranty arising under State law (as modified by section 2308 and 2304(a) of this title) in connection with the sale by a supplier of a consumer product." 15 U.S.C. §2301(7). As such, the MMWA requires the application of state implied warranty law. See Bailey v. Monaco Coach Corp., 168 Fed. Appx.

---

[3]The Court notes that Plaintiffs seem to be arguing that Ford's Technical Service Bulletin (01-17-03), which allegedly addressed the necessary warranty repair for the problem identified with Plaintiffs' vehicle, somehow creates an express warranty and request leave to amend their complaint to "add any necessary relevant Alabama UCC provisions for the express warranty." To the extent that Plaintiffs believe that the Technical Service Bulletin could somehow modify the terms of the New Vehicle Limited Warranty, leave to amend is denied unless Plaintiffs can allege that the Technical Service Bulletin was somehow a basis of the bargain in the purchase of the vehicle. See Hobbs v. General Motors Corp., 134 F. Supp. 2d 1277, 1281 (M.D. Ala. 2001).

893, 894 n. 1 (11th Cir. 2006); see also Voelker v. Porsche Cars, 353 F.3d 516, 525 (7th Cir. 2003), Walsh v. Ford Motor Co., 807 F.2d 1000, 1011 (D.C. Cir. 1986), Abraham v. Volkswagon of Am., 795 F.2d 238, 241, 247-49 (2d Cir. 1986), and Feinstein v. Firestone Tire & Rubber Co., 535 F. Supp. 595, 605, 606 n. 13 (S.D.N.Y. 1982).

Under Alabama law, implied warranty claims require privity between the plaintiff and the defendant. See Rhodes v. General Motors Corp., 621 So.2d 945, 947 (Ala. 2003). Privity is required even if the suit is brought against a manufacturer. See id.; see also Rampey v. Novartis Consumer Health, Inc., 867 So.2d 1079, 1087- 88(Ala. 2003). Plaintiffs did not purchase the vehicle directly from Ford; rather, Plaintiffs purchased the vehicle from Dandy R.V., Inc. As such, there is no privity between Plaintiffs and Ford, and therefore, Plaintiffs' implied warranty claim must be dismissed.

Notwithstanding, Plaintiffs argue that the express written warranty Ford provided is sufficient to establish privity for the implied warranty claim. The Court rejects this argument. See Rhodes, 621 So.2d at 947-48. Additionally, Plaintiffs rely on Johnson v. Anderson Ford, Inc., 686 So.2d 224 (Ala. 1996), to support their argument that somehow Dandy R.V., Inc. was merely an "intermediary" and that there is the required privity between Plaintiffs and Ford. However, Plaintiffs reliance on Johnson is misplaced and the facts in Johnson are inapposite to those of the present case.

In Johnson, the owner of a truck purchased a replacement engine directly from the manufacturer after the original engine failed following the expiration of the original warranty. The parts dealer delivered the engine and made an express warranty directly to the truck owner.

The owner of the truck brought an action against the dealership and parts company[4] after the replacement engine also failed.  The court in <u>Johnson</u> held that the owner of the truck could potentially recover for beach of an express warranty as to the parts dealer.  However, the court also found that as to the owner's implied warranty claim, "[t]he privity of contract that arises out of the seller/buyer relationship was absent here.  That absence, in cases of strict economic harm . . . is fatal to an implied warranty claim."  Here, Dandy R.V., Inc. is the seller of the vehicle and Plaintiffs contracted directly with Dandy R.V., Inc. for its purchase (Doc. No. 1, Exh. A).  Plaintiffs never contracted directly with Ford.

Based on the above, the Court finds that Plaintiffs have not established privity of contract with Ford with respect to the implied warranty claim.  As such, the Court dismisses Plaintiffs' implied warranty claim under the MMWA in Count II  due to lack of privity between Plaintiffs and Ford.

**IV.** **Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that Ford's motion to dismiss is **GRANTED** as follows:

(1) The motion is granted to the extent that the Court dismisses Plaintiffs' express warranty claim in Count I.  Plaintiffs are granted leave to amend the Complaint to allege a claim for breach of a limited warranty under Alabama's UCC.

(2) The motion is granted to the extent that the Court dismisses Plaintiffs' implied warranty claim in Count II of the complaint with prejudice.

---

[4]But not the manufacturer.

(3)   Plaintiffs shall file and serve the Amended Complaint on or before September 29, 2006. Failure to do so shall result in this case being closed without further notice.

**DONE AND ORDERED** at Tampa, Florida this 15th day of September, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record